**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **MAGISTRATE NO. 21-mj-660** |
| | : | |
| **v.** | : | |
| | : | |
| **JAMES BEEKS,** | : | |
| | : | |
| **Defendant.** | : | |

<u>**EMERGENCY MOTION FOR AMENDMENT OF CONDITIONS OF RELEASE**</u>

The United States respectfully moves this Court, pursuant to 18 U.S.C. § 3145(a), to review and amend the release order entered on November 23, 2021, by Magistrate Judge Stephen C. Dries of the U.S. District Court for the Eastern District of Wisconsin, in that court's case number 2:21-mj-533.   Specifically, Judge Dries rejected the government's request that the defendant surrender his passport, submit to travel restrictions, and be monitored by GPS.   At the government's request, Judge Dries stayed his order for 24 hours; without intervention by this Court by 5 p.m. on November 24, 2021, the defendant will be entitled to obtain his passport and leave the country.

**I.      Procedural Background**

1.      On November 18, 2021, Magistrate Judge Robin M. Meriweather issued an arrest warrant and complaint for the defendant on charges of Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2), and Restricted Building or Grounds Access, in violation of 18 U.S.C. § 1752(a)(1).

2.      On November 23, 2021, the FBI arrested Defendant Beeks in Milwaukee, Wisconsin.   Judge Dries presided over Defendant Beeks' initial appearance later that day.

3.      At the initial appearance, the government requested, and Judge Dries granted, the following conditions of release:

1

      a.   report by phone to Pretrial Services as directed

      b.   do not possess firearms, destructive devices, or other weapons

      c.   no contact with anyone known to be an "Oath Keeper" and no contact with defendants charged in Case No. 21-CR-28 (D.D.C.)

      d.   no access to the Signal communication app

      e.   drug testing as appropriate.

4.      At the initial appearance, Judge Dries denied the government's requests for the following conditions of release:

      a.   GPS monitoring

      b.   surrender of passport

      c.   travel restrictions

      d.   no access to electronic communication devices that would allow communication through encrypted or non-encrypted applications.

5.      Attached as exhibits are the minutes from the initial appearance and the court's order setting conditions for release.

6.      Defendant Beeks' case is related to the case of *United States v. Thomas Caldwell et al.*, 21-cr-28, pending before Judge Amit P. Mehta.[1]

---

[1] The government is filing this motion with the Chief Judge, rather than Judge Mehta, because Defendant Beeks has not yet been indicted.  Upon indictment, the government anticipates that Defendant Beeks' case will be assigned to Judge Mehta pursuant to Local Criminal Rule 57.12. The government is providing a courtesy copy of this motion to Judge Mehta.

II.     **Legal Standard**

7.      This Court has jurisdiction to review and amend the release order issued by Magistrate Judge Dries, pursuant to 18 U.S.C. § 3145(a)(1).   That provision provides that, "[i]f a person is ordered released by a magistrate, the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release."   Section 3145(a) further provides that the motion "shall be determined promptly."

8.      This Court, which issued the complaint and arrest warrant, has original jurisdiction over the offense.

9.      This Court's review of Magistrate Judge Dries' detention order should be *de novo*. *See United States v. Munchel*, 991 F.3d 1273, 1280 & n.3 (D.C. Cir. 2021) (noting both that this Court conducted a *de novo* review of a magistrate judge's release order under Section 3145(a) and that district courts have "broad discretion" to review magistrate judges' detention decisions) (citation omitted).

III.    **Facts**

        A.   **Information about the offense**

10.     As explained in the statement of offense, Defendant Beeks participated in the attack on the U.S. Capitol on January 6, 2021.   He is alleged to be a member of the "stack" of Oath Keepers who, with hands on each other's shoulders, marched up the east side of the Capitol steps and assisted with breaching the Rotunda doors.   Statement of Facts (SoF) ¶ 41.

11.     Once inside the building, Defendant Beeks joined with several co-conspirators in an unsuccessful attempt to push down the hallway connecting the Rotunda to the Senate.   A line of Metropolitan Police Department Officers repelled the mob.   SoF ¶ 43.

12.     Defendant Beeks prepared for battle on January 6.   He wore a black helmet and goggles, and he carried a black shield, which he said was bulletproof:



13.     The other members of the Oath Keepers with whom he breached the Capitol also prepared for battle, wearing camouflaged-combat attire.

4

14.     Defendant Beeks also appears to have been recording his crimes, as he was wearing a body-worn camera on his neck and can be seen on Capitol surveillance video holding up his phone:

 

**B.  Information about Defendant Beeks**

*1.  Profession and Travel*

15.     Defendant Beeks' profession is a traveling actor.  He is currently starring in a traveling production of the play Jesus Christ Superstar.  The play is scheduled to perform in Milwaukee through November 28, 2021, and then immediately head to Canada for five weeks (November 30, 2021, through January 2, 2022).  Defendant Beeks already has a plane ticket to fly from Chicago O'Hare International Airport to Toronto International Airport on November 29, 2021.  Starting on January 4, 2022, the play has twenty-two additional tour dates scheduled in cities throughout the United States through August 7, 2022.

16.     While Defendant Beeks has a Florida driver's license with an Orlando address, the government believes that he does not have a stable address there.  The week of November 15, 2021, when the play had a weeklong hiatus after touring on the U.S. West Coast, Defendant Beeks

5

stayed at the home of a friend in the Orlando area. The government also has made efforts to identify a current permanent address in the Orlando area for Beeks but has thus far been unsuccessful.

17.     Defendant Beeks leases a storage facility in the Orlando area.

18.     The production company that employs Defendant Beeks had paid for a plane ticket for him to fly from Orlando to Milwaukee on November 22, 2021. Defendant Beeks did not show up for his flight. Instead, without informing the production company in advance, he apparently rented a car and drove the 1250 miles from Orlando to Milwaukee. (Such a trip would take approximately 19 hours of driving time.) The government would note that Defendant Beeks' decision followed FBI surveillance on the home where he stayed in the Orlando area for the week and the government issuing subpoenas regarding Defendant Beeks to various financial and social media entities.

19.     While Defendant Beeks was driving to Milwaukee, he informed the production company that he no longer wished to fly and instead planned to drive between tour dates for the remainder of the tour. The production company informed the government that this request was both odd and impractical, and that it planned to discuss the situation with Defendant Beeks on November 23 (but he was arrested before that conversation could take place).

20.     Also while Defendant Beeks was driving to Milwaukee, an FBI agent called Defendant Beeks' cell phone and asked to meet. Defendant Beeks refused to disclose his location or when he would be back in the Orlando area.

   *2. Firearms*

6

21.    On November 23, 2021, when the FBI arrested Defendant Beeks at his hotel in Milwaukee, the FBI observed two firearms holsters in his hotel room.   Defendant Beeks claimed that he left his firearms with his father in Florida.

22.    The government received records from an airline showing that Defendant Beeks checked a firearm on a flight from Orlando to Newark on September 1, 2021 (apparently at the start of the tour).

### 3.  Erratic and obstructive behavior

23.    According to the production company, Defendant Beeks recently informed the company that he is a "sovereign citizen." According to the FBI[2]:

> Sovereign citizens are anti-government extremists who believe that even though they physically reside in this country, they are separate or "sovereign" from the United States. As a result, they believe they don't have to answer to any government authority, including courts, taxing entities, motor vehicle departments, or law enforcement.

24.    Indeed, at his initial appearance in the Eastern District of Wisconsin, the Pretrial Services Officer recounted that Defendant Beeks stated in his interview that he was an "American state citizen."[3]

25.    As explained in the statement of facts, Defendant Beeks appears to have taken steps to hide his identity, by changing his phone and phone number the day after the leader of the Florida Oath Keepers, Kelly Meggs, was indicted in case 21-cr-28.   SoF ¶ 75.

---

[2] https://archives.fbi.gov/archives/news/stories/2010/april/sovereigncitizens_041310/domestic-terrorism-the-sovereign-citizen-movement
[3] Pretrial Services did not submit a written report.   This information is contained in the court minutes.

7

26.     In addition, at the initial appearance, Defendant Beeks did not waive his right to an identity hearing.

**IV.     Argument**

27.     The conditions requested by the government are common release conditions imposed by Judge Mehta in connection with the *Caldwell* case.

28.     In addition, travel restrictions and the surrendering of a passport are common release conditions imposed by this Court in the Capitol Breach cases.

29.     The government respectfully submits that, at minimum, Defendant Beeks should not be allowed to leave the country.   Moreover, the government submits that his movements should be restricted to one particular district, and that he should be placed on GPS monitoring to ensure his compliance with the court's release conditions.

30.     At the time the FBI arrested Defendant Beeks on November 23, 2021, the FBI secured his U.S. passport.   Absent intervention by this Court, the FBI will be obligated to return his passport to him, and he will be permitted to leave the country.

31.     To preserve this Court's ability to monitor Defendant Beeks and ensure his compliance with this Court's orders, the government respectfully submits that this Court amend Magistrate Judge Dries' release order to include GPS monitoring, a restriction on international travel, and the surrendering of Defendant Beeks' passport.

DATED: Nov. 24, 2021

Respectfully submitted,

Matthew M. Graves
United States Attorney

_____
Jeffrey S. Nestler
Assistant United States Attorney
D.C. Bar No. 978296
Ahmed M. Baset
Troy A. Edwards, Jr.
Louis Manzo
Kathryn Rakoczy
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
jeffrey.nestler@usdoj.gov
202-252-7277

9